IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMES MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE COUNTY OF CAMDEN,<br><br>    Defendant. | Civil No. 10-3044(RMB/JS)<br><br>**OPINION** |

Appearances:

Amy B. Sunnergren
F. Michael Daily, Jr.
216 Haddon Avenue, #106
Westmont, NJ 08108

    Attorneys for Plaintiff

Anne E. Walters
Cheryl L. Cooper
Office of County Counsel
Courthouse, 14th Floor
520 Market Street
Camden, NJ 08102

    Attorneys for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff James Moore ("Plaintiff") asserts claims against Defendant County of Camden ("Defendant") under the Family and Medical Leave Act ("FMLA") and the New Jersey law Against Discrimination ("LAD"). Defendant has moved for summary judgment. For the reasons that follow, Defendant's Motion is

DENIED.

I.  Background

   A. Factual

Plaintiff was employed by the Camden County Communications Center beginning in 1996. [Plaintiff's Statement of Material Facts ("PSMF"), ¶ 1]. Plaintiff was promoted to Acting Administrative Captain in 2008 and permanent Administrative Captain by the end of 2008. Id. In late December 2008, Plaintiff was promoted to the supervisory position of "Acting Chief" effective January 2009. [Plaintiff's Response to Defendant's Statement of Material Facts ("Pl's. Resp. Facts"), ¶ 9].

In September 2009, Plaintiff was diagnosed as suffering from chronic leukemia. [PSMF at ¶ 30]. At the end of October Plaintiff's supervisor, Director Edward Fanelle ("Fanelle"), called Plaintiff into his office and ordered him to see the Counseling and Employee Assistance Program Services ("EAP") counselor and to take time off to get his head together. [PSMF at ¶ 3]. In response, Plaintiff told Fanelle that he had already requested two weeks off at the end of November. [Pl's. Resp. Facts, ¶ 13]. Fanelle then directed Plaintiff to take two additional weeks of leave, for a total of four weeks of leave. Id.

After their meeting, Fanelle contacted the EAP for the County of Camden and told the counselor, May Weldon ("Weldon"),

2

that he was sending Moore over. [Defendant's Supplemental Brief in Support of Motion for Summary Judgment ("Def's. Supp. Br."), Ex. S]. Fanelle informed Weldon that: (1) Plaintiff had been diagnosed with leukemia; (2) Plaintiff had been ordered to take a total of four weeks off work; (3) Plaintiff was not eligible for sick leave as he was able to do his duties; and (4) Plaintiff had not taken a vacation in some time. [Id.].

Defendant claims that Plaintiff approached Fanelle in late November 2009 in a visibly emotional state and indicated that he was unable to perform his duties as a result of his medical complications. [DSMF at ¶ 12]. Plaintiff denies this meeting occurred and claims that he was out on vacation at the time Defendant claims it occurred. [Pl's. Resp. Facts at ¶ 12; PSMF at ¶¶ 32-35].

On December 7, 2009, Plaintiff turned in an FMLA leave request form. [PSMF at ¶ 49]. Two days later, on December 9, Fanelle called Plaintiff into his office and demoted him to his position as Captain, the position he held before being appointed Acting Chief. [PSMF at ¶ 54]. This demotion meant a decrease in salary from $80,000 as an Acting Chief to $62,000 as an Administrative Captain. [PSMF at ¶ 62]. On December 10, Plaintiff requested that he be given the position of Operations Captain because that position offered the ability to earn

overtime and holiday pay; this request was granted [Id. at ¶ 61].

Plaintiff was reassigned to the main communications room where he was to supervise a shift of telecommunicators. [Pl's. Supp. Br. at 5]. According to Plaintiff, the communication room lacked sufficient air circulation and had a history of mold. [Compl. at 4]. When Plaintiff returned to work, his auto-immune system was depressed as a result of chemotherapy treatments. [PSMF at ¶ 104].

In or around February 2010, Plaintiff went out on continuous FMLA leave. [Id. at ¶¶ 93, 98]. Plaintiff's treating physician sent in a note dated April 9, 2010, indicating that an alternate work environment should be pursued because the Plaintiff's current position placed him in proximity to sick individuals. [Defendant's Motion for Summary Judgment ("Df.'s Mot."), Ex. H; PSMF at ¶ 104]. In or around this time period, Plaintiff requested a reassignment to an Administrative Captain position. [PSMF ¶ 112]. Plaintiff submits that the Administrative Captain position is carried out from an office instead of the moldy communications room and, according to Plaintiff, would have reduced his exposure to sick individuals and allowed him to work. [PSMF ¶ 119; Pl's. Supp. Br. at 6]. On May 13, 2010, Plaintiff's request was denied and Plaintiff appealed the decision arguing that other employees had been

4

reasonably accommodated in the past. [PSMF at ¶¶ 121, 122, 123]. Defendant claims that the Administrative Captain position was not available because of budget constraints. [Def's. Supp. Br., Ex. R, p. 84, l. 4-8]. Plaintiff disputes this and argues that the position was available because Captain Bishop, an Administrative Captain, wished to be switched to operations [PSMF at ¶ 99].

Defendant attempted to accommodate the Plaintiff by offering hand sanitizer, facemasks, gloves, and regular cleaning of the work environment. [Pl's. Supp. Br. at 6]. Plaintiff claimed that this was inadequate and subsequently filed suit.

B.  This Action

On April 14, 2010 Plaintiff filed a complaint in this Court premised on federal subject matter and supplemental jurisdiction. [Dkt. Ent. 1]. The Complaint alleges four counts:

(1) that removing the Plaintiff from the position of Acting Chief after missing time for the treatment of a serious medical condition and of retaliating against him by denying him reasonable accommodation on account of his missing time for the treatment of a serious medical condition, interfered with, restrained, and denied the Plaintiff his rights and benefits under the Federal Family and Medical Leave Act in violation of 29 U.S.C. 2601 et. seq.;

(2) that removing the Plaintiff from the position of Acting Chief on account of his illness and in denying the Plaintiff reasonable accommodation constituted violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1;

 (3) that the communications room constituted a health nuisance thus violating his rights under the Due Process Clause of 14th Amendment and actionable under 42 U.S.C. § 1983; and

 (4) that, under the common law of the state of New Jersey, the Plaintiff is a party in interest that may seek an abatement of the aforementioned nuisance. [Compl. at 6-9].

Defendant moved for summary judgment on all counts on December 31, 2011. [Dkt. Ent. 25]. On September 25, 2012 the court administratively terminated Defendant's motion for summary judgment and requested supplemental briefing. [Dkt. Ent. 34].

On October 13, 2012 Plaintiff filed a supplemental brief that abandoned Counts 3 and 4 of the Complaint and clarified that, notwithstanding the numbering of the Complaint, Plaintiff was asserting four claims:

 (1) that Defendant's demotion of Plaintiff was in retaliation for his exercise of his FMLA rights;

 (2) that Defendant's failure to reasonable accommodate Plaintiff was in retaliation for his exercise of his FMLA rights;

 (3) that Defendant's demotion of Plaintiff violated LAD; and

 (4) that Defendant's failure to accommodate Plaintiff's request to transfer to an Administrative Captain position violated LAD. [Dkt. Ent. 35].

## II. Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. at 248.

When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Products Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252. In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the non-moving party . . . ." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'" Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions,

7

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

III. Discussion

    This Court first addresses Plaintiff's federal claims under Count 1.  It then addresses Plaintiff's state law claims under Count 2.

    A.   FMLA-Retaliation

    Plaintiff claims that he was demoted from his position as Acting Chief in retaliation for his request for FMLA leave.

    FMLA retaliation claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). See Parker v. Verizon Pa. Inc., 309 F'Appx. 551, 555 (3d Cir. 2009) (applying McDonnell Douglas

8

framework to a FMLA retaliation claim). Under this scheme: (1) plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden of production then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action; and (3) if defendant meets its burden of production, plaintiff must prove by a preponderance of the evidence that defendant's proffered reason was a pretext for discrimination. McDonnell Douglas, 411 U.S. at 802.

Defendant argues that Plaintiff's Count 1 retaliation claim under the FMLA fails for two reasons. First, Defendant argues that Plaintiff has not proven a prima facie case of discrimination. Second, Defendant argues that even if a prima facie case of discrimination is shown, the Defendant has proffered a non-discriminatory reason for the adverse employment action and Plaintiff has failed to demonstrate that that reason is pre-textual.  The Court addresses each argument in turn.

    1.  Prima Facie Case

To establish a prima facie case of retaliation under the FMLA, a plaintiff must demonstrate that: (1) he or she is protected under the FMLA, (2) he or she suffered an adverse employment action, and (3) the adverse action was causally related to the plaintiff's exercise of his or her FMLA rights. Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508 (3d Cir. 2009).

Defendant disputes the second and third elements of a prima facie case.

First, Defendant argues that Plaintiff has failed to present a prima facie case because there was no adverse employment action based on Plaintiff's request for FMLA leave. In order for an action to be considered an adverse employment action it must be sufficiently severe and concrete to affect the "compensation, terms, conditions, or privileges" of employment. Sconfienza v. Verizon Pa. Inc., 307 F'Appx. 619, 621-22 (3d Cir. 2008); see also Juarez v. Verizon Services Corp., Civ. No. 8:11-cv-1704-T-33, 2012 WL 3764878, *6 (M.D. Fla. Aug. 30, 2012) (finding an adverse employment action where employee's salary was significantly reduced, along with her responsibilities and managerial status within the organization). A mere inconvenience without a decrease in title, salary, or benefits does not meet this standard. Chappell v. Bilco Co., 675 F.3d 1110, 1117 (8th Cir. 2012). Here, Plaintiff's demotion from his role as Acting Chief meant both a significant monetary loss and a loss of title from "Chief" to "Captain." Because this action negatively affected both Plaintiff's compensation and title, it was an adverse employment action.

Second, Defendant argues that Plaintiff has failed to present a prima facie case because he failed to show a causal connection between the demotion and the request for FMLA leave.

10

In determining whether a causal connection exists, close temporal proximity between the protected activity and adverse action may be sufficient to create an inference of causality. Lichtenstein v. University of Pittsburgh Medical Center, 691 F.3d 294, 307 (3rd Cir. 2012). Here, Plaintiff was demoted two days after requesting FMLA leave – a time frame that is sufficiently close to support a prima facia showing of a casual connection. See, e.g., Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)(finding two days sufficient); Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 283 (6th Cir. 2012) (three weeks); Wierman v. Casey's Gen. Stores, 638 F.3d 984, 994 (8th Cir. 2011)(four days).

Accordingly, Plaintiff has presented a prima facie case of FMLA retaliation.

### 2. Non-Discriminatory Reason/Pretext

Plaintiff does not dispute that Defendant has advanced a non-discriminatory reason for Plaintiff's demotion – that Plaintiff himself expressed, during the November 2009 meeting with Fanelle, that he was unable to meet the needs of the job. Plaintiff argues, however, that he has advanced sufficient evidence of pretext to survive summary judgment.

To establish pretext, the plaintiff must offer evidence from which a fact finder could reasonably either: (1) mistrust the employer's articulated genuine reasons; or (2) believe that

a discriminatory reason was likely a motivating or determinative factor of the employer's action. Naber v. Dover Healthcare Associates Inc., 473 F. App'x 157, 160 (3d Cir. 2012). Temporal proximity may be a relevant factor to consider in determining pretext, but it is not sufficient standing alone. Daugherty v. Mikart, Inc., 205 F'Appx. 826, 828 (11th Cir. 2006) ("While the close temporal proximity between Mikart's termination of Daugherty's employment and his application for FMLA leave is evidence of pretext, it may be insufficient to show pretext by itself.").

Here, three facts make pre-text an issue for a jury: (1) the close temporal proximity between Plaintiff's request for leave and his demotion; (2) Fanelle's own opinion of Plaintiff's abilities, as expressed in the EAP intake form, in which Fanelle noted that Plaintiff was able to "perform his duties" as Acting Chief; and (3) most importantly, Plaintiff's denial that he ever expressed an inability to perform his essential job functions.

Having found that Plaintiff has presented a prima facie case of retaliation and that Plaintiff has adduced sufficient evidence of pretext to rebut Defendant's proffered justification, Defendant's motion for summary judgment on this claim is denied.

    B.    <u>FMLA-Reasonable Accommodation Retaliation</u>

Plaintiff claims that Defendant refused to accommodate his request for a transfer to an Administrative Captain's position in retaliation for his exercise of his FMLA rights.

Defendant has not advanced any arguments in support of dismissal of this claim.  Accordingly, Defendant's motion for summary judgment on this claim is denied.

    C.    <u>LAD Demotion Claim</u>

Plaintiff claims that Defendant discriminated against him, in violation of LAD, by demoting him.

A LAD discrimination claim requires the plaintiff to demonstrate that: (1) he was in a protected class; (2) he was qualified to perform the essential functions of the position; (3) he suffered an adverse employment consequence; and (4) that the adverse employment action took place under circumstances which give rise to an inference of unlawful discrimination. <u>Clemente v. Prestige of Bergen</u>, No. 09-1782, 2012 WL 28784, at *2 (D.N.J. Jan. 5, 2012).

Here, Defendant argues that Plaintiff was unable to perform the essential functions of the position when he was demoted. But there is no record evidence that, at the time of Plaintiff's demotion, he was unable to perform the essential functions of the Acting Chief position.  In fact, there is evidence that Defendants believed he was fully capable of performing the duties of his position at the time he was terminated.

13

Accordingly, Defendant's motion for summary judgment on this claim is denied.

D.   <u>LAD Transfer Claim</u>

Plaintiff claims that Defendant discriminated against him, in violation of LAD, by refusing to accommodate his request for a transfer to an Administrative Captain position.

To make out a transfer-based LAD claim, an employee must, in addition to the elements described above, also demonstrate: (1) that there was a vacant, funded position; (2) that the position was at or below the level of the plaintiff's former job; and (3) that the plaintiff was qualified to perform the essential duties of this job with reasonable accommodation. <u>See Whalen v. New Jersey Mfrs. Ins. Co.</u>, No. L-2785-05, 2012 WL 3166601, at *15 (N.J. Super. App. Div. Aug. 6, 2012) (citing <u>Donahue v. Consolidated Rail Corp.</u>, 224 F.3d 226, 230 (3d Cir. 2000)).

Here, Defendant makes two arguments.  First, Defendant argues that Plaintiff was unable to carry out the job responsibilities of an Administrative Captain, even if a reasonable accommodation was granted, based on his doctor's note. However, the letter from Plaintiff's doctor stressed the importance of limiting exposure to sick contacts, but did not mandate complete isolation. And Plaintiff's request to be moved to an Administrative Captain position, where he would have his

14

own office, would decrease his physical contact significantly compared to an Operations Captain position (located in the communications room). Therefore, on the record before the Court, this Court cannot say the Plaintiff would have been unable to perform the essential functions of the Administrative Captain position.

Second, Defendant argues that there was not a vacant funded position to which Plaintiff could be transferred. However, Plaintiff has adduced evidence that a position was available because Captain Bishop, an Administrative Captain, wished to be switched to Operations.

Accordingly, Defendant's motion for summary judgment on this claim is denied.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: <u>May 7, 2013</u>